IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:03cv398

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **O R D E R** |
| AMERICAN FREIGHTWAY SERVICES, INC.; AMERICAN TRANSPORT, INC.; THE BRADLEY FACTOR, INC.; BUCHANAN EXPRESS, INC.; DOWNING TRUCKING, INC.; EAGLE CARRIERS, LTD.; GENERAL TRANSPORT AND CONSULTANTS, INC.; GREAT LAKES TRANSPORTATION, INC.; R.A. GUILL & SONS, INC.; INTEGRITY EXPRESS, LLC; INTERLINK; LEEWAY TRANSPORTATION, INC.; LAND TRANSPORTATION, LLC; LONGHORN TRANSPORTATION SERVICE; MECCA & TRUCKING COMPANY, INC.; MCN TRUCKING, LLC; PACKARD TRANSPORT, INC.; PAYNE, INC.; QUALITY LOGISTICS, INC.; REALTY INVESTORS, INC. d/b/a RNI TRUCKING; SOUTHEAST LOGISTICS, INC.; SOUTHWEST REFRIGERATED SERVICES, INC.; SOVEREIGN LOGISTICS, LLP; SUPER SERVICE, INC.; T&M EXPRESS, INC.; TRANSPRO CARRIER, LLC; and TRUCK SERVICE, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** came before the Court by transfer on September 18, 2007. This is an interpleader action. On August 15, 2003, the plaintiff filed a complaint, requesting that the Court determine the rights of twenty-seven (27) defendants to the proceeds of a property broker surety bond.[1] After receiving leave from the Court, the plaintiff deposited the proceeds of the surety bond, ten thousand dollars ($10,000.00), with the Clerk of Court.

On September 5, 2003, the defendant Realty Investors Inc. filed an answer to the plaintiff's complaint, asserting that it is entitled to $1,705.00 of the bond proceeds. On September 8, 2003, the defendant Mecca & Trucking Company, Inc., proceeding *pro se*, filed a letter "as response to [the] summons," asserting that it is entitled to $900.00 of the bond proceeds. On October 7, 2003, the defendant Longhorn Transportation, also proceeding *pro se*, filed a letter with the Court, claiming that it is entitled to $1,250.00 of the bond proceeds.

In an Affidavit of Service filed on October 24, 2003, the plaintiff states that service of process was made and in fact received by: (1) American

---

[1] The plaintiff named as defendants twenty-six (26) different trucking companies, as well as the United States of America, by and through Mary E. Peters, Administrator of the Federal Highway Administration. The United States filed a motion to dismiss on October 20, 2003, asserting that it had no interest in the interpleaded funds. The Court dismissed the United States as a party on November 25, 2003.

Freightway Services, Inc. on October 1, 2003; (2) American Transport, Inc. on October 1, 2003; (3) The Bradley Factor, Inc. on August 22, 2003; (4) Buchanan Express, Inc. on August 22, 2003; (5) Downing Trucking, Inc. on August 25, 2003; (6) Eagle Carriers, Ltd. on October 1, 2003; (7) Great Lakes Transportation, Inc. on October 1, 2003; (8) R.A. Guill & Sons, Inc. on September 2, 2003; (9) Integrity Express, LLC on August 29, 2003; (10) Interlink on August 21, 2003; (11) Leeway Transportation, Inc. on August 22, 2003; (12) Land Transportation, LLC on October 1, 2003; (13) MCN Trucking, LLC[2] on August 22, 2003; (14) Packard Transport, Inc. on August 25, 2003; (15) Payne Inc. on August 21, 2003; (16) Quality Logistics, Inc. on August 21, 2003; (17) Southeast Logistics, Inc. on October 1, 2003; (18) Southwest Refrigerated Services, Inc. on August 26, 2003; (19) Sovereign Logistics, Inc. on October 1, 2003; (20) Super Service, Inc. on August 21, 2003; (21) T&M Express, Inc. on August 21, 2003; (22) Transpro Carrier, LLC on August 27, 2003; and (23) Truck Service, Inc. on October 1, 2003.

On January 8, 2004, the plaintiff moved to amend the complaint to add an additional party, General Transport and Consultants, Inc., who had made

---

[2]The original complaint refers to this defendant as "MLN Trucking, LLC." The plaintiff subsequently amended its complaint to reflect the accurate name of this defendant, "MCN Trucking, LLC."

a claim on the surety bond, and to correct the names of addresses of certain defendants listed in the complaint. The Court granted the plaintiff's motion on January 30, 2004. The amended complaint was filed on March 4, 2004. In an Affidavit of Service filed on June 3, 2004, the plaintiff states that process was served on and received by the four defendants affected by the amendments to the plaintiff's complaint: Great Lakes Transportation, Inc. (served March 11, 2004), Realty Investors, Inc. (served March 12, 2004), MCN Trucking, Inc. (served March 16, 2004), and General Transport and Consultants, Inc. (served May 18, 2004).

No further action was taken in this case until January 31, 2005, when the plaintiff filed a motion, seeking to be dismissed from this action with prejudice and to be discharged from any and all liability to the defendants under the bond. The Court granted the plaintiff's motion on October 31, 2006.

On November 30, 2006, the Court entered an Order directing the defendants to conduct an Initial Attorneys' Conference on or before January 31, 2007, and to file a Certification of Initial Attorneys' Conference within twenty-one (21) days thereafter. No such certification was filed.

On April 3, 2007, the Court entered an Order noting that only three defendants had filed an answer or other responsive pleading in this action.

The Court ordered all other named defendants to show cause by April 27, 2007 as to why entry of default should not be made against them.

As of the date of the entry of this present Order, none of these defendants have responded to the Court's April 3, 2007 Order. Accordingly, the Court finds that entry of default should be made with respect to all of the defendants named in the amended complaint, with the exception of Realty Investors, Inc., Mecca & Trucking Company, Inc., and Longhorn Transportation Service.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court enter the default of the following defendants:

> (1) American Freightway Services, Inc.;
> (2) American Transport, Inc.
> (3) The Bradley Factor, Inc.;
> (4) Buchanan Express, Inc.;
> (5) Downing Trucking, Inc.;
> (6) Eagle Carriers, Ltd.;
> (7) General Transport and Consultants, Inc.;
> (8) Great Lakes Transportation, Inc.;
> (9) R.A. Guill & Sons, Inc.;
> (10) Integrity Express, LLC;
> (11) Interlink;
> (12) Leeway Transportation, Inc.;
> (13) Land Transportation, LLC;
> (14) MCN Trucking, LLC;
> (15) Packard Transport, Inc.;
> (16) Payne, Inc.;
> (17) Quality Logistics, Inc.;
> (18) Southeast Logistics, Inc.;

(19) Southwest Refrigerated Services, Inc.;
(20) Sovereign Logistics, LLP;
(21) Super Service, Inc.;
(22) T&M Express, Inc.;
(23) Transpro Carrier, LLC; and
(24) Truck Service, Inc.

The Clerk of Court is further **DIRECTED** to send copies of the entry of default to each of the above-named defendants at the addresses identified in the amended complaint.

**IT IS SO ORDERED**.

Signed: October 5, 2007

Martin Reidinger
United States District Judge