# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:03cv398

GREAT AMERICAN INSURANCE COMPANY, )
)
)
Plaintiff, )
)
_____ )   **MEMORANDUM OF**
vs. )   **DECISION AND**
AMERICAN FREIGHTWAY SERVICES, )   **ORDER**
INC.; AMERICAN TRANSPORT, INC.; )
THE BRADLEY FACTOR, INC.; )
BUCHANAN EXPRESS, INC.; DOWNING )
TRUCKING, INC.; EAGLE CARRIERS, )
LTD.; GENERAL TRANSPORT AND )
CONSULTANTS, INC.; GREAT LAKES )
TRANSPORTATION, INC.; R.A. GUILL & )
SONS, INC.; INTEGRITY EXPRESS, LLC; )
INTERLINK; LEEWAY TRANSPORTATION, )
INC.; LAND TRANSPORTATION, LLC; )
LONGHORN TRANSPORTATION )
SERVICE; MECCA & TRUCKING )
COMPANY, INC.; MCN TRUCKING, LLC; )
PACKARD TRANSPORT, INC.; PAYNE, )
INC.; QUALITY LOGISTICS, INC.; )
REALTY INVESTORS, INC. d/b/a RNI )
TRUCKING; SOUTHEAST LOGISTICS, )
INC.; SOUTHWEST REFRIGERATED )
SERVICES, INC.; SOVEREIGN LOGISTICS, )
LLP; SUPER SERVICE, INC.; T&M )
EXPRESS, INC.; TRANSPRO CARRIER, )
LLC; and TRUCK SERVICE, INC., )
)
Defendants. )

**THIS MATTER** is before the Court *sua sponte.*

This is an interpleader action pursuant to 28 U.S.C. § 1335.  On August 15, 2003, the Plaintiff filed a complaint, requesting that the Court determine the rights of twenty-seven (27) Defendants to the proceeds of a property broker surety bond.  After receiving leave from the Court, the Plaintiff deposited the proceeds of the surety bond, ten thousand dollars ($10,000.00), with the Clerk of Court.

The Plaintiff was dismissed from this action and discharged from any and all liability to the Defendants under the bond on October 31, 2006.  Of the original twenty-seven (27) Defendants, the United States was dismissed as a party on November 25, 2003.  Judgment by default was entered with respect to twenty-three other Defendants on November 5, 2007.  Thus, the only remaining parties to this action are the Defendants Longhorn Transportation Service, Mecca & Trucking Company, Inc.,and Realty Investors Inc.

In its complaint, the Plaintiff alleges the following facts:

32.  W.H. Services, Inc. d/b/a Hub Trucking ("Hub") is a corporation organized and existing under the laws of the State of Florida with a principal place of business located in Winston-Salem, North Carolina.

33. At all times alleged herein, Hub Trucking was engaged in the business of a property broker as that term is defined in 28 U.S.C. § 13906.

34. Pursuant to the provisions of 28 U.S.C. § 13906, *et seq.*, Hub was required to furnish a property broker surety bond for the protection of those to whom Hub supplied transportation subject to the ICC Termination Act of 1995.

35. [The Plaintiff], as surety, issued to Hub, as principal, a Property Brokers Surety Bond, Bond no. 182-19-14 effective from August 20, 2001 ("the Bond"). The Bond was in the penal sum of $10,000.00 . . . .

36. The Bond covered certain losses to Hub Trucking's failure to perform, fulfill, and carry out all contracts, agreements and arrangements made by Hub Trucking during the effective period of the Bond. All of the [Defendants] are customers of Hub Trucking . . . .

[Complaint Doc. 1]. The Plaintiff further alleges that the amount of each Defendant's claim is as follows:

| | |
|---|---|
| Longhorn Transportation Service. | $1,250.00 |
| Mecca & Trucking Company, Inc. | $  900.00 |
| Realty Investors, Inc. | $1,705.00 |

Each of these Defendants filed an answer or other responsive pleading, admitting the Plaintiff's allegations and asserting a claim to the bond proceeds in the above-referenced amounts.

An interpleader action may be resolved on the pleadings.  See John Hancock Mut. Life Ins. Co. v. Beardslee, 216 F.2d 457, 459 (7th Cir. 1954); United States v. Pre-Columbian Artifacts, 845 F. Supp. 544, 546 (N.D. Ill. 1993); 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1715 (3d ed. 2001).

There being no dispute on the pleadings as to the amounts to which the Defendants Longhorn Transportation Service, Mecca & Trucking Company, Inc.,and Realty Investors Inc. are entitled, the Court concludes that said Defendants are entitled to the amounts claimed.  Accordingly,

**IT IS HEREBY ORDERED** that judgment is entered in favor of the Defendant Longhorn Transportation Service in the amount of One Thousand Two Hundred and Fifty Dollars ($1,250.00).

**IT IS FURTHER ORDERED** that judgment is entered in favor of the Defendant Mecca & Trucking Company, Inc. in the amount of Nine Hundred Dollars ($900.00).

**IT IS FURTHER ORDERED** that judgment is entered in favor of the Defendant Realty Investors, Inc. in the amount of One Thousand Seven Hundred and Five Dollars ($1,705.00).

**IT IS FURTHER ORDERED** that all other claims raised in this matter and not disposed of by this Judgment, the Default Judgment of even date herewith, and the prior Orders of this Court are **DISMISSED**.  Judgment shall issue simultaneously herewith.

**IT IS SO ORDERED**.

Signed: November 5, 2007

Martin Reidinger
United States District Judge